IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

v.

Michael Anthony Houston

Case No. 2:25-mj-463
Judge Graham
Magistrate Judge Jolson

<u>Opinion and Order</u>

This matter is before the Court on defendant Michael Anthony Houston's motion to revoke the Magistrate Judge's Order of Detention Pending Trial. For the reasons that follow, the Court denies the motion.

I.

Defendant was arrested on August 12, 2025 pursuant to an arrest warrant issued after the filing of a criminal complaint on August 8, 2025. In the criminal complaint, a special agent with the Drug Enforcement Administration swore to facts concerning defendant's alleged possession with the intent to distribute 219 grams of methamphetamine and 23 grams of fentanyl. *See* 21 U.S.C. §§ 812, 841(a).

Defendant appeared before a Magistrate Judge on August 15, 2025 for a detention hearing. The Magistrate Judge ordered that defendant be detained pending trial. The Magistrate Judge found that there was probable cause to believe defendant had committed an offense for which the maximum term of imprisonment is 10 years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801–904. Because there was probable cause to believe defendant had committed such an offense, the Magistrate Judge applied a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community. Next, the Magistrate found that defendant had failed to rebut the presumption in favor of detention. Finally, the Magistrate determined that: (1) by clear and convincing evidence, no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and (2) by a preponderance of evidence, no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. These two determinations were based on numerous considerations, including: that the charged offense involves a controlled substance; the strength of the evidence against defendant; defendant's history of substance abuse; his prior criminal history; his history of violence or use of

1

weapons; his prior violations of probation, parole, or supervised release; his prior failure to appear in court; and his participation in criminal activity, including the charge offense, while on probation, parole, or supervision.

II.

Defendant has moved to revoke the Order of Detention. Under 18 U.S.C. § 3145(b), if a person is "ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The movant is entitled to *de novo* review of the detention decision. *See United States v. Lidderdale*, No. 2:25-mj-270, 2025 WL 2388197, at *1 (S.D. Ohio Aug. 18, 2025).

The pretrial custodial status of a criminal defendant is governed by 18 U.S.C. § 3142, which provides that such person shall be detained upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A rebuttable presumption arises that no conditions of pretrial release will reasonably assure the safety of any other person and the community if the judicial officer finds that, among other potential grounds, there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. *Id.*, § 3142(e)(3)(A).

In making the detention decision, a court considers the following four factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

III.

The presumption in favor of pretrial detention applies here, as defendant does not dispute that there is probable cause to believe he committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Specifically, the methamphetamine offense, as detailed in the criminal complaint, carries a mandatory minimum term of imprisonment of 10 years, with a maximum term of up to life. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

"Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). The Sixth Circuit has held that § 3142(e)(3)'s presumption in favor of detention "imposes only a 'burden of production' on the defendant, and the government retains the 'burden of persuasion.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight." *Id.* (cleaned up).

Defendant makes two factual assertions in support of his argument for pretrial release. First, he characterizes the bulk of his criminal history as being distant in time and as being related to problems with substance abuse and mental health. Second, he contends that he currently is in a stable community environment with family and is self-employed.

Neither of these factual assertions are supported by the Pretrial Services Report.[1] Defendant, who is 51 years old, may be correct that his propensity to commit crimes is related to substance abuse and mental health issues. But his prior record shows a nearly continuous string of offenses (56 total charges) from the time he was age 19, in 1993, until now. Of particular concern is the history of arrests, charges, and convictions in the last ten years. These include aggravated drug possession (2015), possession of drugs and carrying a concealed weapon (2018), driving under the influence (2018), possession of a weapon while intoxicated (2020), possession of drugs (2022), disorderly intoxication and possession of drug paraphernalia (2025), and operating a vehicle while impaired (2025).

The Pretrial Services Report likewise does not support a view that defendant has a stable community environment. Defendant lives by himself in Chillicothe. His parents are deceased, he has no contact with his two children (who are in their 20s), and he has little contact with his brother in

---

[1] The Court's order setting a briefing schedule specifically advised the parties to submit any evidence they wished the Court to consider in connection with defendant's motion. Defendant did not submit any evidentiary materials. The August 15, 2025 Pretrial Services Report is thus uncontroverted on the record.

3

Colorado. It appears that he has some contact with his sister in Marysville. Defendant has been unemployed for two years. He repairs things like cars and computers for income.

The Court finds that defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community. Moreover, consideration of the applicable factors confirms that defendant should remain detained pending trial. The offense charged is a crime involving a controlled substance (possession with intent to distribute methamphetamine and fentanyl). *See* 21 U.S.C. § 841. The second factor – the weight of the evidence against the person – "goes to the weight of evidence of dangerousness," as opposed to the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948. The quantity of drugs found on defendant (219 grams of methamphetamine and 23 grams of fentanyl) during the traffic stop represents a dangerous amount to the community. *See United States v. Spalding*, No. 3:24-CR-118-BJB, 2025 WL 1969922, at *4 (W.D. Ky. July 16, 2025) (finding that the second factor favored detention where defendant was engaged in large-scale fentanyl and methamphetamine distribution).

Turning to the third factor – the history and characteristics of defendant – the Pretrial Services Report demonstrates that defendant has an extensive criminal background, is unemployed, does not have strong family support, and has a history of substance abuse problems. Importantly, he has failed to appear at court proceedings on seven occasions, and he was, at the time of the current offense, on probation for an offense under state law. Finally, as to the fourth factor – the nature and seriousness of the danger to any person or the community that would be posed by defendant's release – the Court notes that defendant has committed numerous violations while on probation and has repeatedly engaged in behavior which poses a substantial risk to public safety, including operating motor vehicles while intoxicated and possessing weapons while intoxicated.

The Court thus finds that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.

IV.

For the reasons stated above, defendant's motion to revoke the Magistrate Judge's Order of Detention Pending Trial (Doc 16) is DENIED.

Date: October 17, 2025                                    *s/ James L. Graham*
                                                          James L. Graham
                                                          United States District Judge